**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREW KORINEK, | ) Case No. 2:15-cv-00496-GMN-NJK |
| Plaintiff(s), | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) (Docket Nos. 16, 21) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant(s). | ) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 16. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 21-22. Plaintiff filed a reply. Docket No. 23. The matter came on for hearing on April 20, 2016. Docket No. 29. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

    A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

1  review of such decision by a civil action . . . brought in the district court of the United States for the

2  judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript

3  of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

4  Security, with or without remanding the cause for a rehearing." *Id.*

5        The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.

6  *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the

7  Commissioner applied the proper legal standard and there is substantial evidence in the record as a

8  whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The

9  Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance;

10  it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's

12  findings are supported by substantial evidence, the Court reviews the administrative record as a whole,

13  weighing both the evidence that supports and the evidence that detracts from the Commissioner's

14  conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

15        Under the substantial evidence test, the Commissioner's findings must be upheld if supported

16  by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190,

17  1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court

18  must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

19  Consequently, the issue before this Court is not whether the Commissioner could reasonably have

20  reached a different conclusion, but whether the final decision is supported by substantial evidence.

21        It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to

22  the basis of the findings when determining if the Commissioner's decision is supported by substantial

23  evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where

24  appropriate, should include a statement of subordinate factual foundations on which the ultimate factual

25  conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez*

26  *v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

27

28

B.    Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made.

1  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds
2  to the fifth and final step.

3      The fifth and final step requires the ALJ to determine whether the individual is able to do any
4  other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R.
5  § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the
6  individual generally continues to have the burden of proving disability at this step, a limited burden of
7  going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for
8  providing evidence that demonstrates that other work exists in significant numbers in the national
9  economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th
10 Cir. 2010).

11 **II.    BACKGROUND**

12      A.    Procedural History

13      On December 2, 2010, Plaintiff filed an application for disability insurance benefits alleging that
14 he became disabled on February 9, 2009. *See, e.g.*, Administrative Record ("A.R.") 209-210. Plaintiff's
15 claims were denied initially on February 4, 2011, and upon reconsideration on May 19, 2011. A.R. 141-
16 44, 148-50. On June 20, 2011, Plaintiff filed a request for a hearing before an Administrative Law Judge
17 ("ALJ"). A.R. 151-52. On April 16, 2012, Plaintiff and Plaintiff's attorney, and a vocational expert
18 appeared for a hearing before ALJ Norman Bennett. *See* A.R. 103-16. On April 18, 2012, the ALJ
19 issued an unfavorable decision finding that Plaintiff had engaged in SGA and had not been under a
20 disability from February 9, 2009. A.R. 127-36. On May 31, 2012, Plaintiff requested review from the
21 Appeals Council. A.R. 344.[2] On April 5, 2013, the Appeals Council remanded the case for a further
22 administrative hearing. A.R. 137-39.

23      On July 18, 2013, Plaintiff, a witness, and a vocational expert appeared for a further hearing
24 before ALJ Norman Bennett. A.R. 77-102. On July 29, 2013, the ALJ issued an unfavorable decision
25 finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from the
26 amended alleged onset date until the date of the decision. A.R. 21-38. The ALJ's decision became the

27 _____

28      [2] Plaintiff also amended his alleged onset date to November 27, 2010. *See id.*

5

final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 11, 2015.  A.R. 1-7.

On March 19, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.  Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted.  Docket No. 2.  The Court dismissed Plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e).  *Id.*  Plaintiff then filed an amended complaint, Docket No. 4, which the Court found sufficient for screening purposes, *see* Docket No. 5.

B.    The ALJ Decision

In his second decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on July 29, 2013.  A.R. 21-38.[3]  At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and had not engaged in substantial gainful activity since November 27, 2010.  A.R. 26.  At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, strabismus, seizure disorder and obesity.  A.R. 26-28.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 27.

The ALJ found that Plaintiff had the residual functional capacity:

> to lift and/or carry ten pounds occasionally, five pounds frequently, stand and/or walk for two hours in an 8-hour workday and sit for six hours in an 8-hour workday.  He could never balance, but occasionally climb ramps, stairs, ladders, ropes and scaffolds, bend, stoop, kneel, crouch and crawl.  He, also, needed to take seizure precautions, such as unprotected heights and being around dangers moving machinery.

A.R. 27-31.  At step four, the ALJ found Plaintiff unable to perform his past relevant work as a dealer. A.R. 31.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 31.  In doing so, the ALJ defined Plaintiff as a younger individual aged 18-44 on the alleged onset date with at least a high school education, able to communicate in English, and for whom the

_____

[3] As noted above, the ALJ's initial decision was remanded by the Appeals Council.

1     transferability of job skills is not material to the determination of disability.  A.R. 31.  The ALJ

2     considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled,

3     along with vocational expert testimony that an individual with the same residual functional capacity and

4     vocational factors could perform work such as a clerk, order clerk, and office clerk.  A.R. 31.

5           Based on all of these findings, the ALJ found Plaintiff had not been disabled and denied his

6     application for a period of disability and disability insurance benefits.  *See* A.R. 31-32.

7  **III.**    **ANALYSIS AND FINDINGS**

8           The primary dispute on appeal is the ALJ's consideration of the opinion of Plaintiff's treating

9     physician, Dr. Robert Ingham.  More particularly, Dr. Ingham opined that Plaintiff could only sit for

10    three hours in a workday, but the ALJ concluded in the RFC that Plaintiff could sit for six hours in a

11    workday.  A treating physician's medical opinion as to the nature and severity of an individual's

12    impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent

13    with other substantial evidence in the record.  *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th

14    Cir. 2001).  Even when not controlling, such opinions are entitled to deference and must be weighed

15    properly pursuant to applicable regulations.  *See, e.g.*, *id.*  Nonetheless, the opinion of a treating

16    physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a

17    claimant's disability.  *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).  Even in

18    instances in which the treating physician's opinion is not contradicted by other opinions, an ALJ is not

19    required to accept that opinion in every case.  *See, e.g.*, *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

20    Cir. 1989).  An ALJ may reject the uncontroverted opinion of a claimant's physician only by presenting

21    clear and convincing reasons supported by substantial evidence.  *See, e.g.*, *Lester v. Chater*, 81 F.3d 821,

22    830 (9th Cir. 1995).  Those reasons must be articulated by the ALJ in sufficient detail to enable review

23    by higher courts.  Generalized assertions that, *inter alia*, "medical opinions are not supported by

24    sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective

25    findings does not achieve the level of specificity [the Ninth Circuit's] cases have required."  *Embrey v.*

26    *Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  Moreover, this Court is required "to review the ALJ's

27    decision based on the reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations

28    that attempt to intuit what the adjudicator may have been thinking."  *Bray*, 554 F.3d at 1225; *see also*

1   *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("we cannot substitute our conclusions for

2   the ALJ's, or speculate as to the grounds for the ALJ's conclusions" (quoting *Treichler v. Comm'r of*

3   *Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

4       Although the Commissioner disagrees with the Ninth Circuit authority establishing the "clear

5   and convincing" standard,[4] her opposition brief fails to argue that a different standard should apply on

6   the basis that the Commissioner believes Dr. Ingham's opinion was controverted. *See* Docket No. 21

7   at 3-4. For the first time at the hearing, however, Defendants' counsel argued that Dr. Ingham's opinion

8   was controverted and, therefore, the "clear and convincing" standard should not be applied. Hearing

9   Rec. (4/20/2016) at 11:10 - 11:11 a.m. This argument is premised on the fact that the physicians at the

10  Mayo Clinic made a finding that Plaintiff may have difficulty with sudden or irregular changes in his

11  support surface, but did not make findings regarding any sitting limitation. *See* A.R. 719. As an initial

12  matter, arguments raised for the first time at a hearing are untimely and generally deemed waived. *See,*

13  *e.g.*, *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1168 n.84 (C.D. Cal. 2013). Moreover,

14  Defendant has not identified any actual finding by any other physician that Plaintiff can sit for more than

15  three hours in a workday. Defendant fails to explain why the Court should deem an opinion omitting

16  discussion of any sitting limitation as contradicting an opinion finding such a limitation. *Cf. Widmark*

17  *v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) ("Of course, the mere absence of a corroborating

18  opinion cannot itself constitute a conflict among the medical opinions"). As such, the Court will apply

19  the "clear and convincing" standard in this case.

20      Dr. Ingham found that Plaintiff was limited to sitting for three hours each workday. A.R. 601.

21  The ALJ determined that Plaintiff's RFC allowed him to sit for up to six hours each day. A.R. 28. The

22

23

_____

24      [4] The Commissioner argues that the Ninth Circuit's case law establishing this standard is erroneous.

25  Docket No. 21 at 3-4 ("To the extent the Ninth Circuit's judicially-created standard exceeds the requirements
    set forth by Congress and by the Commissioner at the behest of Congress, it would appear to be improper").

26  Of course, a judge at the district court level "may not respectfully (or disrespectfully) disagree with [her]
    learned colleagues on [her] own court of appeals who have ruled on a controlling legal issue . . . Binding

27  authority must be followed unless and until overruled by a body competent to do so." *Hart v. Massanari*,

28  266 F.3d 1155, 1170 (9th Cir. 2001).

1   ALJ does not explicitly explain how he made that determination.  In total, the ALJ's discussion of Dr.

2   Ingham's opinion is as follows:

3                Dr. Robert Ingham found that the claimant could lift and/or carry ten pounds
                 occasionally, five pounds frequently, stand and/or walk for three hours in an 8-hour
4                workday and sit for three hours in an 8-hour workday.  He could never climb, balance or
                 stoop, but occasionally kneel, crouch and crawl and frequently reach above shoulder
5                level.  He needed to avoid unprotected heights, being around moving machinery and
                 exposure to dusts, fumes and gases.  He, also, needed to avoid moderate exposure to
6                extreme temperature and humidity and driving automotive equipment. Dr. Ingham, also,
                 found that the mental effects of the claimant's pain would eliminate skilled work tasks.
7                (Exhibit 15F).  Dr. Ingham, also, found that the claimant was unable to drive a car or
                 work at heights with machinery exposed parts due to non-epileptic seizure events,
8                migraine headaches and other loss of consciousness.  (Exhibit 20F). I gave little weight
                 to the remainder of Dr. Ingham's opinion because the record as a whole did not support
9                the limitation found by Dr. Ingham.

10  A.R. 30.  As an initial matter, it is not entirely clear from this statement whether the ALJ was intending

11  to give significant or limited weight to Dr. Ingham's finding that Plaintiff can only sit for three hours

12  each workday.  The ALJ listed numerous limitations found by Dr. Ingham, only some of which were

13  incorporated in the RFC, and then merely stated that he was giving limited weight to the "remainder"

14  of Dr. Ingham's opinion.

15       Because the RFC does not incorporate Dr. Ingham's finding of a three-hour sitting limitation,

16  it appears that was a limitation found by Dr. Ingham for which the ALJ afforded little weight based on

17  the lack of support in the "record as a whole."  Such reasoning is not sufficient.  As noted above, the

18  reasons for rejecting an uncontroverted treating physician's opinion must be "clear and convincing."

19  Moreover, the Ninth Circuit has eschewed reliance on generalized statements that a physician's opinion

20  is not sufficiently supported by the record.  *See, e.g.*, *Embrey*, 849 F.2d at 421.

21       Defendant nonetheless attempts on appeal to divine the ALJ's reasons for rejecting the sitting

22  limitation found by Dr. Ingham, pointing to statements made by the ALJ in other portions of his decision

23  and hypothesizing additional reasons that are absent from the ALJ's decision.  For example, Defendant

24  argues that the ALJ rejected this aspect of Dr. Ingham's opinion as inconsistent with the findings of the

25  Mayo Clinic (discussed earlier in the ALJ's decision) and inconsistent with Plaintiff's ability to work

26  while his symptoms were at the same level of severity (discussed later in the decision in finding the

27  Plaintiff's statements not credible).  Docket No. 21 at 5-6.  Defendant also argues that certain portions

28  of Dr. Ingham's opinion may be rejected as conclusory, Docket No. 21 at 6, and that Dr. Ingham's

1   opinion on the sitting limitation is undermined by the fact that portions of the record suggest Plaintiff
2   preferred to sit more than stand, while Dr. Ingham implicitly found that Plaintiff could stand and sit for
3   equal amounts of time, Hearing Rec. (4/20/2016) at 11:14 - 11:15 a.m.  With respect to the latter,
4   however, Defendant's counsel conceded that no such reasoning was articulated by the ALJ in his
5   opinion.  Hearing Rec. (4/20/2016) at 11:17 a.m. (acknowledging that the ALJ never stated that Dr.
6   Ingham's opinion should be discounted based on Plaintiff's preference for sitting rather than standing,
7   but opining such an inconsistency would be a "fair reading of the record").  The Court declines
8   Defendant's invitation to engage in this exercise of guessing possible reasons the ALJ did or could reject
9   Dr. Ingham's opinion.  The Court reviews those reasons actually articulated by the ALJ, "not *post hoc*
10  rationalizations that attempt to intuit what the [ALJ] may have been thinking." *Bray*, 554 F.3d at 1225.
11  The only reason provided is that Dr. Ingham's opinion was not supported by the record as a whole,
12  which is plainly insufficient.  Accordingly, the Court finds that the ALJ failed to articulate clear and
13  convincing reasons for rejecting Dr. Ingham's opinion that Plaintiff was limited to sitting for three hours
14  in each workday.[5]

15          Having determined that the ALJ erred, the Court turns to the appropriate remedy.  Plaintiff argues
16  that the Court should remand the case for an award of benefits, while Defendant argues that the Court
17  should remand the case for further proceedings and findings by the ALJ.  The proper relief upon finding
18  that an ALJ has erred is an issue entrusted to the discretion of the Court.  *See Harman v. Apfel*, 211 F.3d
19  1172, 1177 (9th Cir. 2000).  Remand is appropriate when additional proceedings may cure the defects
20  in the ALJ's decision, and where the Commissioner is in a better position to evaluate the evidence.  *See,*
21  *e.g.*, *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  In this case, the Court finds remand
22  appropriate for the ALJ to either accept Dr. Ingham's opinion regarding Plaintiff's sitting limitation or
23  to articulate sufficient reasons for rejecting that opinion.  *See Embrey*, 849 F.2d at 422 & n.3.

24

25

26  _____

27          [5] Plaintiff argues on appeal that the ALJ's determination is not supported by substantial evidence.
28  *See, e.g.*, Docket No. 16 at 17.  Because the Court finds that the ALJ erred on other grounds, the Court does not reach that issue.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    CONCLUSION**

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 16) be **GRANTED** in part, that Defendant's Cross-Motion to Affirm (Docket No. 21) be **DENIED**, and that this case be **REMANDED** for further proceedings.

DATED:   May 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).