# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW KORINEK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:15-cv-00496-GMN-NJK |
| NANCY A. BERRYHILL,[1] | ) **ORDER** |
| Defendant. | ) |

Pending before the Court for consideration is a Motion to Remand, (ECF No. 16), filed by Plaintiff Andrew Korinek ("Plaintiff") and the Cross–Motion to Affirm, (ECF No. 21), filed by Defendant Nancy A. Berryhill[1] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable Nancy J. Koppe, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

On May 6, 2016, Judge Koppe entered the Report and Recommendation ("R. & R."), (ECF No. 30), recommending Plaintiff's Motion to Remand be granted in part and the Commissioner's Cross–Motion to Affirm be denied. The Commissioner filed an Objection, (ECF No. 31), to the Report and Recommendation, on May 19, 2016. Plaintiff filed her Response to the Objection, (ECF No. 32), on June 2, 2016.

## I. BACKGROUND

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant the Social Security Act, 42 U.S.C. § 405(g). (Compl.,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

ECF No. 3). Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her claims for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. (*Id.* ¶ 1).

Plaintiff applied for disability insurance benefits on December 2, 2010, which were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ") held on April 18, 2011. (*Id.* ¶ 7). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was granted on April 5, 2013. (*Id.* ¶ 8). After a second hearing before the ALJ, the ALJ again denied Plaintiff's claims on July 29, 2013. (*Id.* ¶ 9). Plaintiff again requested Appeals Council review, which was denied on February 11, 2015. (*Id.* ¶ 10).

## II. <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. <u>DISCUSSION</u>

The Commissioner challenges Judge Koppe's finding that the ALJ did not cite clear and convincing reasons for giving little weight to the opinion of Plaintiff's treating physician, Dr. Robert Ingham. The Ninth Circuit has held that to disregard the uncontradicted opinion of an examining physician or a treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Orn v. Astrue*, 495 F3d 625, 632 (9th Cir. 2007).

Here, the ALJ did not satisfy that standard. As Judge Koppe points out, "the the ALJ failed to articulate clear and convincing reasons for rejecting Dr. Ingham's opinion that Plaintiff was limited to sitting for three hours in each workday." (R. & R. 10:12–14, ECF No. 30). No other physician made any specific finding regarding any sitting limitations. Nevertheless, the ALJ determined that Plaintiff was capable of sitting for six hours in a workday, noting without explanation that "the record as a whole did not support the limitation found by Dr. Ingham." (A.R. at 34, 36). The Court agrees with Judge Koppe's conclusion that this sparse comment falls short of the clear and convincing standard articulated by the Ninth Circuit. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("[I]t is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings.").

Having reviewed the Commissioner's objections *de novo,* the Court finds no basis on which to reject Judge Koppe's findings and recommendations. The Court therefore remands this case for further proceedings consistent with Judge Koppe's Report and Recommendation. On remand, the ALJ may either accept Dr. Ingham's opinion regarding Plaintiff's sitting limitation or articulate sufficient reasons for rejecting that opinion. *See id.* at 422 n.3.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 30), be **ACCEPTED** and **ADOPTED** in full, to the extent that it is not inconsistent with this Order.

**IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 16), is **GRANTED in part** and this case is hereby **REMANDED** to the Administrative Law Judge. The Clerk of Court shall remand this case back to the Administrative Law Judge and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm, (ECF No. 21), is **DENIED**.

**DATED** this __13__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge